THERESA A. KADING (SB# 211469)
E-mail:  tkading@kadingbriggs.com
THOREY M. BAUER (SB# 234813)
E-mail:  tbauer@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA  92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLMES,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAVIOR FRONTIERS, LLC and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>[Los Angeles Superior Court Case No. BC649094]<br><br>**BEHAVIOR FRONTIER, LLC'S NOTICE OF SECOND REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL QUESTION) AND 1441(a)** |

371483

NOTICE OF REMOVAL

# TABLE OF CONTENTS

PAGE NO.

THE FIRST REMOVAL .................................................................................... 1

THIS SECOND PETITION FOR REMOVAL IS PROPER AND TIMELY .. 2

THIS COURT HAS ORIGINAL JURISDICTION BECAUSE PLAINTIFF
HAS BROUGHT FEDERAL CLAIMS ARISING UNDER THE UNITED
STATES CONSTITUTION AND ADA ................................................................. 3

STATE COURT PROCESS, PLEADINGS AND ORDERS .......................... 5

371483

i

NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

PAGE NO.

## FEDERAL CASES

*Abdulla v. Yates,*
   No. 1:08-cv-00551 AWI DLB PC, 2008 WL 4775237
   (E.D. Cal. Oct. 30, 2008) ................................................................. 3

*Alexander v. Kujok,*
   No. 2:15-cv-00477-MCE-CKD, 2016 WL 258347
   (E.D. Cal. Jan. 20, 2016) ................................................................. 4

*Boemio v. Love's Rest.,*
   954 F. Supp. 204 (S.D. Cal. 1997) .................................................. 4

*Ervin v. Judicial Council of Calif.,*
   No. C 06-7479 CW, 2007 WL 1489255 (N.D. Cal. May 18, 2007) ....... 4

*Mason v. Mountain States Tel. & Tel. Co.,*
   No. 96-36177, 1997 WL 525302 (9th Cir. Aug. 13, 1997) ................. 4

*Sequeira v. Alameda County,*
   No. C 06-01413 MEJ, 2008 WL 5179108 (N.D. Cal. Dec. 10, 2008) ... 4

## OTHER AUTHORITIES

28 U.S.C. Section 1331 ................................................................... 1, 3, 4
28 U.S.C. Section 1367(a) ............................................................... 1
28 U.S.C. Section 1441(a) ............................................................... 1, 3, 4
28 U.S.C. Section 1441(c) ............................................................... 1
28 U.S.C. Section 1446(b) ............................................................... 1, 3
42 U.S.C. Section 12101 *et seq.* (Americans with Disabilities Act of 1990) ... 2, 3
Federal Rules of Civil Procedure Rule 6(a) ...................................... 1
First Amendment of the United States Constitution ........................... 3

371483

ii

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF:

PLEASE TAKE NOTICE THAT, based on the following allegations, defendant Behavior Frontiers, LLC ("Behavior Frontiers" or "Defendant") hereby removes to this court the state court action described below.

1. On February 2, 2017, plaintiff Michael J. Holmes ("Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Michael J. Holmes v. Behavior Frontiers, LLC,* case number BC649094 ("the Action"). The Complaint and Civil Case Cover Sheet, as well as the Summons are attached hereto as Exhibits "A" and "B," respectively.

2. Plaintiff served Behavior Frontiers with the Complaint and Summons by mail on February 1, 2017.

## THE FIRST REMOVAL

3. Behavior Frontiers filed a prior Notice of Removal on March 1, 2017, which was within 30 days from the date upon which Behavior Frontiers was served and within time for removal provided by law. 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a).

4. Behavior Frontiers removed the Action on the basis of federal question jurisdiction pursuant to the provision of 28 U.S.C. Sections 1331 and 1441(a), and supplemental jurisdiction under Sections 1367(a) and 1441(c).

371483

-1-

5.     This action was previously before the Honorable Percy Anderson as Case No. 2:17-cv-01627 PA(JEMx).

6.     On April 18, 2017, Plaintiff filed a Notice of Intent to Litigate in Superior Court. As a result, on April 18, 2017, the Honorable Percy Anderson of the United States District Court for the Central District of California dismissed Plaintiff's federal claims with prejudice, declined to exercise jurisdiction over Plaintiff's state-law claims, and remanded the Action to State court. For ease of reference, attached hereto as Exhibit "C" is a true and correct copy of the Court's order.

## THIS SECOND PETITION FOR REMOVAL
## IS PROPER AND TIMELY

7.     In Judge Anderson's order, the Court cautioned Plaintiff "that if he were to attempt to reassert his federal claims in the state court proceedings—claims which this Court has dismissed with prejudice—Defendant may attempt to again remove the action to this Court." *See* Ex. C at p. 2.

8.     On May 25, 2017, Plaintiff filed and served a First Amended Complaint ("FAC") in the Action.[1] The FAC alleges claims for: (1) violation of Plaintiff's right to free speech under the First Amendment; and (2) Disability Discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Attached hereto as Exhibit "D" is a true and correct copy of the

---

[1] A clerical error reveals that Plaintiff's Proof of Service of the FAC, the FAC, and Plaintiff's case management conference statement were filed as one "document" in Los Angeles Superior Court on May 25, 2017. For ease of reference, however, they are attached as separate exhibits to this Notice of Removal.

371483

-2-

NOTICE OF REMOVAL

FAC. Attached hereto as Exhibit "E" is the "Proof of Service—Civil" for Plaintiff's FAC.

9. Removal is proper because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331, in that each of the two claims Plaintiff asserts arises under federal law. *See* Exhibit D, at pp. 5-6. Accordingly, Defendant may remove this Action pursuant to 28 U.S.C. Sections 1331 and 1441(a) because it arises under "laws of the United States."

10. Moreover, removal is proper because it is filed within 30 days from the date of Behavior Frontiers's receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" (*i.e.*, service of Plaintiff's FAC). *See* Exs. D, E; 28 U.S.C. § 1446(b)(3).

## THIS COURT HAS ORIGINAL JURISDICTION BECAUSE PLAINTIFF HAS BROUGHT FEDERAL CLAIMS ARISING UNDER THE UNITED STATES CONSTITUTION AND ADA

11. Plaintiff's Complaint may be removed on the basis of federal question jurisdiction because Plaintiff's claims arise under the First Amendment of the United States Constitution and 42 U.S.C. Section 12101, *et seq.* (Americans with Disabilities Act of 1990). *See* Sections 1331 and 1441(a).

12. Plaintiff has unequivocally alleged a violation of his First Amendment right to Free Speech. *See* Exhibit D, at p. 5. It is axiomatic that federal courts have original jurisdiction of civil cases that allege a violation of the First Amendment. *See Abdulla v. Yates*, No. 1:08-cv-00551 AWI DLB PC, 2008 WL 4775237 *1 (E.D. Cal. Oct. 30, 2008).

371483

-3-

13. In addition, Plaintiff explicitly and exclusively relies on 42 U.S.C. Section 12101, *et seq.,* also known as the ADA, as a basis for his cause of action for Disability Discrimination. *See* Exhibit D, at p. 8. Consequently, this Court has original jurisdiction over such claims. *See, e.g., Mason v. Mountain States Tel. & Tel. Co.,* No. 96-36177, 1997 WL 525302, at *1 (9th Cir. Aug. 13, 1997) (holding that seeking a federal remedy under the ADA was sufficient to provide a basis for original federal jurisdiction); *Boemio v. Love's Rest.,* 954 F. Supp. 204, 205 (S.D. Cal. 1997) (finding federal question jurisdiction based on a claim arising under the ADA); *Alexander v. Kujok,* No. 2:15-cv-00477-MCE-CKD, 2016 WL 258347, at *1 (E.D. Cal. Jan. 20, 2016) (finding that Plaintiff's ADA claim was "premised on federal question jurisdiction in accordance with 28 U.S.C. § 1331."); *Ervin v. Judicial Council of Calif.,* No. C 06-7479 CW, 2007 WL 1489255, at *2 (N.D. Cal. May 18, 2007) (finding subject matter jurisdiction because the claim arose under the ADA).

14. Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution . . . ." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). Accordingly, because Plaintiff has invoked the United States Constitution and federal statutes, this Court has federal question jurisdiction under 28 U.S.C. Section 1331, and removal is proper under 28 U.S.C. Section 1441(a). *See also Sequeira v. Alameda County,* No. C 06-01413 MEJ, 2008 WL 5179108, at *4 (N.D. Cal. Dec. 10, 2008) (confirming that the federal court had jurisdiction over the action brought under federal law pursuant to Section 1331).

//

//

371483

-4-

## STATE COURT PROCESS, PLEADINGS AND ORDERS

15.    Attached hereto as Exhibit "A" is a copy of the Complaint and Civil Case Cover sheet, filed with the Superior Court of the State of California in and for the County of Los Angeles on February 2, 2017.

16.    Attached hereto as Exhibit "B" is a copy of the original Summons.

17.    Attached hereto as Exhibit "C" is a true and correct copy of the Court's April 18, 2017 order remanding the Action to State Court.

18.    Attached hereto as Exhibit "D" is a true and correct copy of the FAC Plaintiff filed on May 25, 2017.[2]

19.    Attached hereto as Exhibit "E" is a copy of the Service of Process received by Behavior Frontiers, confirming that Plaintiff effectuated service of the FAC by mail on May 25, 2017.

20.    Attached hereto as Exhibit "F" is a Notice of Case Management Conference issued by the Court on February 6, 2017.

21.    Attached hereto as Exhibit "G" is a Status Hearing Statement filed by Behavior Frontiers on May 2, 2017.

---

[2] As stated *supra* n.1, Exhibits D, E, and L hereto were filed as one "document" in the Los Angeles Superior Court, but are attached separately here for ease of reference by the Court.

371483

-5-

NOTICE OF REMOVAL

22.    Attached hereto as Exhibit "H" is a Demurrer filed by Behavior Frontiers on May 19, 2017.

23.    Attached hereto as Exhibit "I" is a Notice of Related Case filed by Plaintiff on February 2, 2017.  However, Plaintiff had already voluntarily dismissed the related case on January 20, 2017 (Case No. BC632286, Los Angeles County Superior Court).

24.    Attached hereto as Exhibit "J" is a Notice of Related Case filed by Behavior Frontiers on May 2, 2017.

25.    Attached hereto as Exhibit "K" is an Order Re: Related Cases issued by the California Superior Court on May 9, 2017.

26.    Attached hereto as Exhibit "L" is a copy of Plaintiff's Case Management Statement, filed by Plaintiff on May 25, 2017.

27.    Defendant is informed and believes that Exhibits "A" through "L" constitute all State-court process, pleadings and/or orders filed and received by Behavior Frontiers in this action.

28.    On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the Los Angeles County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "M" and "N," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

371483

-6-

WHEREFORE, pursuant to the provisions of Title 28, Sections 1331 and 1441(a) of the United States Code, Defendant removes the above action from the Superior Court of the State of California for the County of Los Angeles to this Court.

DATED: June 22, 2017

KADING BRIGGS LLP
THERESA A. KADING
THOREY M. BAUER

By: _____
THOREY M. BAUER

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

371483

-7-

NOTICE OF REMOVAL

EXHIBIT "A"

# EXHIBIT "A"

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br><br>Michael J. Holmes<br>2961 E. Hillside Drive<br>West Covina, CA 91791<br>TELEPHONE NO: (626) 373-4331   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* In Pro-Per | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 0 2 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Shauna Bolden |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse Central District

**PLAINTIFF:** Michael J. Holmes

**DEFENDANT:** Behavior Frontiers, LLC

☑ DOES 1 TO 10

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number):*
**Type** *(check all that apply):*
☐ **MOTOR VEHICLE**   ☑ **OTHER** *(specify):* Wrongful Termination
☐ **Property Damage**   ☐ **Wrongful Death**
☐ **Personal Injury**   ☐ **Other Damages** *(specify):*

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded**   ☐ **does not exceed $10,000**
  ☐ **exceeds $10,000, but does not exceed $25,000**
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint
  ☐ **from limited to unlimited**
  ☐ **from unlimited to limited**

**CASE NUMBER:**

**BC 649094**

1. **Plaintiff** *(name or names):* Michael J. Holmes

   alleges causes of action against **defendant** *(name or names):*
   Behavior Frontiers, LLC

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

RECEIPT #: CCH465980149
DATE PAID: 02/02/17
PAYMENT: $435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:
CIT/CASE: BC649094
LEA/DEF#:
$435.00
$0.00
$0.00
$0.00
03:59

| | |
|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** |

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Page 1 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs. Behavior Frontiers, LLC | |

4. ☐ Plaintiff (name):

     is doing business under the fictitious name (specify):

     and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ **except** defendant (name): Behavior Frontiers, LLC.  c. ☐ **except** defendant (name):
     (1) ☑ a business organization, form unknown     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):     (4) ☐ a public entity (describe):

     (5) ☑ other (specify):     (5) ☐ other (specify):
        Limited Liability Company (LLC)

  b. ☐ **except** defendant (name):    d. ☐ **except** defendant (name):
     (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):     (4) ☐ a public entity (describe):

     (5) ☐ other (specify):     (5) ☐ other (specify):

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☑ Doe defendants (specify Doe numbers): 1-10      were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☐ Doe defendants (specify Doe numbers):     are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☑ other (specify):
     The Central District Courthouse is the hub for his wrongful termination case.

9. ☑ Plaintiff is required to comply with a claims statute, and

  a. ☑ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):*
      Wrongful Termination

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☐ according to proof
      (2) ☑ in the amount of: $ 150,000.00

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   See the attached "Declaration" of Plaintiff Michael J. Holmes

Date: February 2nd, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

MC-031

| | |
|---|---|
| PLAINTIFF/PETITIONER: Michael J. Holmes<br>DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | CASE NUMBER: |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

I, Michael J. Holmes, Plaintiff in the above titled case declare the following:

On January 30th, 2017, I was terminated because I asked to record the phone conversation between Behavior Frontiers, LLC and myself on January 30th, 2017 at 1:30pm. Behavior Frontiers, LLC did not consent to having the phone call recorded and stated that they will contact me at a later time. At that moment the conversaton ended. At approximatly 5:00pm on January 30th, 2017 Behavior Frontiers, LLC sent me a email stating that I was immediatly terminated becuase I asked to record the phone conversation on January 30th, 2017 at 1:30pm. I believe my termination was a act of discrimination, retaliation, and harrasement. I believe another reason Behavior Frontiers, LLC terminated me was because of my disability status from an on the the job injury I suffered at work for Behavior Frontiers, LLC , on or around August 2nd, 2016. My permanent disability status states that I can not drive a car, I can not operate heavy equipment, and I can not pull. These are a couple of my work restrictions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 2nd, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify)*:

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | |

First _____ **CAUSE OF ACTION—General Negligence**    Page ___5___

  (number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Michael J. Holmes

alleges that defendant *(name):* Behavior Frontiers, LLC

     ☑ Does 1 _____ to 10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* January 30th, 2017

at *(place):* 18726 S. Western Ave. #408, Gardena, CA 90248

*(description of reasons for liability):*

I, Michael J. Holmes(Plaintiff) suffers from retaliation from Behavior Frontiers (Defendant) to date which violates my rights as a person of a protected class.

It is unlawful in the State of California to retaliate against a employee who provides reasonable cause to a government or law enforcement agency, and believes disclosing of said information is a violation or non-compliance with state or federal statutes, rules or regulations.

The Claifornia Labor Code section 1102.5 (a) states "An employer may not make, adopt, or enforce any rule, regulation or policy preventing an employee from disclosing information of a violation of state or federal statue or violation of non compliance with state or federal rule or regulation.

After my (Plaintiff) disclosing the negeligence of retaliation by Behavior Frontiers, LLC (Defendant) to a government agency (EEOC), their practice of retaliation on me has intensified to include harassment. I continue to experience the effects of retaliation by the wrongful termination on January 30th, 2017, therefore violating my rights as a member of a protected class.

Section (b) of the California Labor Code 1102.5 states "An employer may not retaliate against a employee for disclosing information to a governement or law enforcement agency, where the employee has rerasonable cause to believe that the information discloses a violation of state or federal statute..." and section (d) states "An employer may not retaliate against a employee for having exercised his or her rights under subdivision (a), (b), or (c)."

I (Plaintiff therefore request monetary, compensatory, and punitive damages from Behavior Frontiers, LLC (Defendant) for their violation of non compliance and vicious acts as a professional organization.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | |

Second _____    **CAUSE OF ACTION—General Negligence**    Page ____6____
   (number)

ATTACHMENT TO  [✔] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Michael J. Holmes

    alleges that defendant *(name)*:  Behavior Frontiers, LLC

    [✔] Does  1 _____  to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:  January 30th, 2017
at *(place)*:  18726 S. Western Ave. #408, Gardena, CA 90248

*(description of reasons for liability)*:

I, Michael J. Holmes(Plaintiff) suffers from race and gender discrimination from Behavior Frontiers (Defendant) to date which violates my rights as a person of a protected class.

To date I, (Plaintiff) have been terminated from Behavior Frontiers, LLC because I asked to record a phone conversation on or around January 30th, 2017 between Behavior Frontiers, LLC and myself. Prior to my (Plaintiff) termination I recieved numerous write ups for behaviors and actions that I never did and that Behavior Frontiers, LLC could not provide documents to show when my alleged behaviors and actions occured.

Civil Rights Act of 1964 Title VII Equal Employment Opportunities, prohibits employment discrimination based on race and gender.

US Code Title 42 Chapter 21 prohibits discrimination against a person based on the race and gender.

I (Plaintiff therefore request monetary, compensatory, and punitive damages from Behavior Frontiers, LLC (Defendant) for their violation of non compliance and vicious acts as a professional organization.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

**PLD-PI-001(2)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | |

Third _____    **CAUSE OF ACTION—General Negligence**    Page ___7___
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Michael J. Holmes

alleges that defendant *(name):* Behavior Frontiers, LLC

[✓] Does 1 _____ to 10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* January 30th, 2017
at *(place):* 18726 S. Western Ave. #408, Gardena, CA 90248

*(description of reasons for liability):*

I, Michael J. Holmes(Plaintiff) suffers from harassment from Behavior Frontiers (Defendant) to date which violates my rights as a person of a protected class.

It is unlawful in the State of California to harass an employee who provides reasonable cause to a goverment or law enforcement agency and believes disclosing of said information is a violation or non compliance with state or federal statutes, rules and regulation.

The practice of harassment by Behavior Frontiers, LLC continues. On January 30th, 2017 I was terminated from Behavior Frontiers, LLC because I asked to record a phone call between Behavior Frontiers, LLC and myself. The conversation that I asked to record was on January 30th, 2017 at 1:30pm. I was terminated on January 30th, 2017 at approximatly 5:00pm.

I (Plaintiff therefore request monetary, compensatory, and punitive damages from Behavior Frontiers, LLC (Defendant) for their violation of non compliance and vicious acts as a professional organization.

---

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | |

Fourth _____    **CAUSE OF ACTION—General Negligence**    Page ___8___
_____(number)_____

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Michael J. Holmes

alleges that defendant *(name):* Behavior Frontiers, LLC

[✓] Does 1 _____ to 10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* January 30th, 2017

at *(place):* 18726 S. Western Ave. #408, Gardena, CA 90248

*(description of reasons for liability):*

I, Michael J. Holmes(Plaintiff) suffers from Disability discrimination from Behavior Frontiers (Defendant) to date which violates my rights as a person of a protected class.

I believe one of the reasons I was terminated by Behavior Frontiers LLC on January 30th, 2017 was because of my Disability. I was on modified work duty since August of 2016, with restrictions that did not permit me to drive a car, lift, push, or pull. Behavior Frontiers LLC said on January 30th that they recieved the final work status report from US Health Works.

Americans with Disabilites Act, Title I employment,Title II State and Local Goverments, Section 501 of the Rehabilitation Act, and Section 503 of the Rehabillitation Act, prohibts discrimination against a person/employee with a disability.

I (Plaintiff therefore request monetary, compensatory, and punitive damages from Behavior Frontiers, LLC (Defendant) for their violation of non compliance and vicious acts as a professional organization.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael J. Holmes
2961 Hillside Drive
West Covina, CA 91791
TELEPHONE NO.: 626-373-4331    FAX NO.:
ATTORNEY FOR (Name): In-Pro-Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central District

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 02 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

CASE NAME:
Michael J. Holmes Vs Behavior Frontiers, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder | BC 649094 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 02-02-2017

Michael J. Holmes
(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  YES        CLASS ACTION?  YES  LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL_____ HOURS/ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 2 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 N. Hill Street |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Los Angeles District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: 02-02-2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "B"

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Behavior Frontiers, LLC
and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Michael J. Holmes, In Pro-Per

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 0 2 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por mcumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse-Central District 111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER**
*(Número del Caso):*
BC 649094

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado. es):*
Michael J. Holmes, 2961 E. Hillside Drive, West Covina, CA 91791 (626) 373-4331

DATE: FEB 0 2 2017    SHERRI R. CARTER, Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*
SHAUNYA BOLDEN

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons *(POS-010).*)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT "C"

EXHIBIT "C"

Case 2:17-cv-04608-PA-JEM   Document 1   Filed 06/22/17   Page 29 of 84   Page ID
Case 2:17-cv-01627-PA-JEM   Document 16   Filed 04/18/17   Page 1 of 2   Page ID #:140
#:29

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1627 PA (JEMx) | Date | April 18, 2017 |
|---|---|---|---|
| Title | Michael Holmes v. Behavior Frontiers, LLC | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| V.R. Vallery | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

None                                                        None

**Proceedings:**          IN CHAMBERS – COURT ORDER

On March 30, 2017, the Court granted Motion to Dismiss filed by defendant Behavior Frontiers, LLC ("Defendant"). In dismissing the Complaint filed by plaintiff Michael Holmes ("Plaintiff"), who is appearing pro se, the Court stated that if Plaintiff wished to pursue his claim in the Los Angeles Superior Court, where he filed his action and it was pending until Defendant filed its Notice of Removal, Plaintiff could, no later than April 17, 2017, file a Notice of Intent to Litigate California Claims in Superior Court in this Court. If Plaintiff filed such a Notice, the Court would dismiss Plaintiff's federal claims with prejudice, decline to exercise supplemental jurisdiction over his state law claims, and remand the action to Los Angeles Superior Court, so that Plaintiff could pursue all of his state law claims in that court.

Plaintiff timely filed a Notice of Intent to Litigate California Claims in Superior Court in which he states that he "intends to litigate the California Claim . . . in the Los Angeles Superior Court." Consistent with the Court's March 30, 2017 Order, the Court therefore dismisses Plaintiff's federal claims for civil rights violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act with prejudice.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1627 PA (JEMx) | Date | April 18, 2017 |
|----------|----------------------|------|----------------|

| Title | Michael Holmes v. Behavior Frontiers, LLC |
|-------|---------------------------------------------|

Through the filing of the Notice of Intent to Litigate California Claims in Superior Court, Plaintiff has consented to the dismissal with prejudice of the only claims over which the Court has original jurisdiction. Accordingly, the Court dismisses the federal claims with prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, Case No. BC649094.

The Court cautions Plaintiff that if he were to attempt to reassert his federal claims in the state court proceedings—claims which this Court has dismissed with prejudice—Defendant may attempt to again remove the action to this Court. As the Court stated in its March 30, 2017 Order, rather than relying on references to federal law, Plaintiff may wish to consider the protections provided by the California's Fair Employment and Housing Act ("FEHA"), which provides many of the same protections against race and gender discrimination, harassment, and retaliation that Plaintiff appears to have attempted to assert with his references to Title VII, the ADA, and the Rehabilitation Act. See Cal. Gov't Code § 12940.

IT IS SO ORDERED.

EXHIBIT "D"

# EXHIBIT "D"

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Holmes<br>2961 E. Hillside Drive<br>West Covina,CA 91791<br><br>TELEPHONE NO: 626 373 4331    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* mh070582@yahoo.com<br>ATTORNEY FOR *(Name):* In Pro-Per | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill St
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

PLAINTIFF: Michael J. Holmes

DEFENDANT: Behavior Frontiers,LLC

[✔] DOES 1 TO 10

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [✔] **AMENDED** *(Number):* First<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**　[ ] **OTHER** *(specify):*<br>　[ ] **Property Damage**　[ ] **Wrongful Death**<br>　[✔] **Personal Injury**　[✔] **Other Damages** *(specify):* | |
| **Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>　**Amount demanded**　[ ] **does not exceed $10,000**<br>　　　　　　　　　[ ] **exceeds $10,000, but does not exceed $25,000**<br>[✔] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED by this amended complaint**<br>　　[ ] **from limited to unlimited**<br>　　[ ] **from unlimited to limited** | BC649094 |

1. **Plaintiff** *(name or names):* Michael J. Holmes
   alleges causes of action against **defendant** *(name or names):*
   Behavior Frontiers, LLC

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | BC649094 |

4. [✓] Plaintiff (name): Michael J. Holmes
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. [✓] **except** defendant (name):
    (1) [ ] a business organization, form unknown
    (2) [ ] a corporation
    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [✓] other (specify):
        LLC

  c. [ ] **except** defendant (name):
    (1) [ ] a business organization, form unknown
    (2) [ ] a corporation
    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

  b. [ ] **except** defendant (name):
    (1) [ ] a business organization, form unknown
    (2) [ ] a corporation
    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

  d. [ ] **except** defendant (name):
    (1) [ ] a business organization, form unknown
    (2) [ ] a corporation
    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. [ ] Doe defendants (specify Doe numbers): _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. [ ] Doe defendants (specify Doe numbers):_____ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. [ ] at least one defendant now resides in its jurisdictional area.
  b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. [✓] injury to person or damage to personal property occurred in its jurisdictional area.
  d. [✓] other (specify):
    The Central district courthouse is the hub for this personal injury case

9. [✓] Plaintiff is required to comply with a claims statute, **and**
  a. [✓] has complied with applicable claims statutes, **or**
  b. [ ] is excused from complying because (specify):

---

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | BC649094 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☑ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☑ Other *(specify):*

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☐ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☑ other damage *(specify):*

        Plaintiff Michael J Holmes has suffered by the hands of Behavior Frontiers, LLC, negligence infliction of emotional distress, and anxiety due to the plaintiff being wrongfully terminated by the defendant

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
        (2) ☑ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
        (1) ☑ according to proof
        (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    See the attahed declaration of the Plaintiff, Michael J. Holmes

Date: May 25th, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

MC-031

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

## DECLARATION
*(This form must be attached to another form or court paper before it can be filed in court.)*

I Michael J. Holmes, Plaintiff in the above entitled case declare the following:

On January 30th, 2017 I was terminated from Behavior Frontiers, LLC becasue I asked, if I could record a phone conversation between Behavior Frontiers, LLC and myself on January 30th, 2017. After Behavior Frontiers, LLC did not consent to being recorded the conversation ended at that point. At approximatly 5:00pm on January 30th, 2017 Behavior Frontiers, LLC sent me a email stating that I was terminated becuase I asked to record the phone conversation. The California state law, states that it is leagal to record confidential phone conversations with the consent of the other party. The termination of my employment with Behavior Frontiers, LLC I believe to be a violation of my first amendment right. I am protected from retaliation for using my first amendment right by the first and fourteenth admendment. Freedom of speech is a right protected by the constitution.

I believe I was also terminated because of my disabilities from a "on the job (with the Behavior Frontiers, LLC) injury" My final work status reort from the US Health Works stated that I could not longer operate heavy equipment, lift, push, pull and drive. In pursuant of the American with Disabilities Act (ADA), I believe my rights were violated because the employer is required to make a reasonable effort to accomadate new work restrictions that an employee can perform, however this opportunity was not afforded to me because I was terminated before a discussion was granted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 25th, 2017

Michael J Holmes
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☑ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | BC649094 |

One _____   **CAUSE OF ACTION—General Negligence**   Page __5__
(number)

ATTACHMENT TO  [✔] Complaint  [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Michael J. Holmes

alleges that defendant *(name):*  Behavior Frontiers, LLC

[✔] Does  1 _____  to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  January 30th, 2017
at *(place):*  18726 S. Western Ave, Los Angeles, CA 90248

*(description of reasons for liability):*
I, Michael J. Holmes (Plaintiff) recieved a email from Behavior Frontiers, LLC (Defendant) on
January 30th, 2017 which stated that I was terminated because I asked to record a phone
conversation between the Defendant and myself.

This is a wrongful termination because it is legal in 50 states to record a conversation with
consent from the other party.  The California Invasion of Privacy Act (630 et seq) permit the
recording of a telephone conversation with the consent of the other party.

The temination of my employment with Defendant for asking if I can record the telephone
conversation is a violation of my First Amendment right and I protected from retaliation by the
First and Fourteenth Amendment of the consitution.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | BC649094 |

<u>Two</u>        **CAUSE OF ACTION—General Negligence**    Page <u>6</u>
(number)

ATTACHMENT TO [✔] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Michael J. Holmes

alleges that defendant *(name):* Behavior Frontiers, LLC

[✔] Does <u>1</u> to <u>10</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* January 30th, 2017
at *(place):* 18726 S Western, Ave Los Angeles CA 90248

*(description of reasons for liability):*
I, Michael J. Holmes (Plaintiff) believe I was also terminated because of my disabilities due to a " on the job (while working for the Defendant) injury". The final status report from the US Health Works stated that I could no longer, push, pull, lift, or drive.

In pursuant of the American with Disabilities Act (ADA), I believe my rights were violated because the Defendant is required to make reasonable efforts to accomadate new work restrictions that I can perform. This opportunity was not afforded to me because I was terminated before a discussion was ganted.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
       **CAUSE OF ACTION—General Negligence**       Code of Civil Procedure 425.12
www.courtinfo.ca.gov

EXHIBIT "E"

# EXHIBIT "E"

POS-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO:<br>NAME: Michael J Holmes<br>FIRM NAME:<br>STREET ADDRESS: 2961 E. Hillside Drive<br>CITY: West Covina    STATE: CA    ZIP CODE: 91791<br>TELEPHONE NO.: 626 373 4331    FAX NO. :<br>E-MAIL ADDRESS: mh070582@yahoo.com<br>ATTORNEY FOR (name): In Pro-Per | FILED FOR COURT USE ONLY<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 25 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Shaunya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111. North Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

| | |
|---|---|
| Plaintiff/Petitioner: Michael J Holmes<br>Defendant/Respondent: Behaior Frontiers, LLC | CASE NUMBER:<br>BC649094 |
| **PROOF OF SERVICE—CIVIL**<br>Check method of service *(only one):*<br>☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service  ☐ By Fax | JUDICIAL OFFICER:<br>Gail Feuer<br><br>DEPARTMENT:<br>78 |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:

   2961 E Hillside Drive, West Covina CA 91791

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* May 25th, 2017    I served the following **documents** *(specify):*
   Declaration for submitting a first Amended Complaint, and the First Amended Complaint, and case management statement

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Theresa A Kadina
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*

      Business or residential address where person was served:
      100 Spectrum Center Drive, Suite 800 Irvine CA 92618

   c. ☐ *(Complete if service was by fax.)*

      Fax number where person was served:

      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

   Page 1 of 3

**POS-040**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Michael J. Holmes vs Behavior Frontiers, LLC | BC649094 |

6. b. [ x ] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) [ x ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) [   ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

  c. [   ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. [   ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. [   ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  May 25th, 2017

Cynthia Marie
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

[   ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

POS-040 [Rev. February 1, 2017]        **PROOF OF SERVICE—CIVIL**        Page 2 of 3
**(Proof of Service)**



POS-040

# INFORMATION SHEET FOR PROOF OF SERVICE—CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

## USE OF THIS FORM

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, or (5) fax.

This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Also, this proof of service form should **not** be used to show proof of electronic service. For that purpose, use *Proof of Electronic Service* (form POS-050).

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

## GENERAL INSTRUCTIONS

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents.**

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courts.ca.gov/forms.htm.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person for whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

Third box, left side: Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.

Fourth box, left side: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

Third box, right side: State the judge and department assigned to the case, if known.

*Complete items 1–6:*

1. You are stating that you are over the age of 18.

2. Print your home or business address.

3. If service was by fax service, print the fax number from which service was made.

4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.

5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.

6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

| POS-040 [Rev. February 1, 2017] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Page 3 of 3 |

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |    | Save this form |    | Clear this form |

MC-031

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers,LLC | BC649094 |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

I, Michael J. Holmes (Plaintiff) is submitting a "First Amended Complaint".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 25th, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for ☑ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

EXHIBIT "F"

# EXHIBIT "F"

NOTICE SENT TO:

Holmes, Michael
2961 E. Hillside Drive
West Covina      CA   91791

**FILED**
Superior Court of California
County of Los Angeles

FILE STAMP   **FEB 0 6 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Senorina C. Jusi

78

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| MICHAEL J HOLMES | Plaintiff(s), | CASE NUMBER |
| VS. | | BC649094 |
| BEHAVIOR FRONTIERS LLC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

---

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _June 5, 2017_ at _8:30 am_ in _Dept. 78_ at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 6, 2017

_____ Judicial Officer
EDWARD B. MORETON FEUER

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: February 6, 2017

Sherri R. Carter, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

EXHIBIT "G"

# EXHIBIT "G"

THERESA A. KADING (SB# 211469)
E-mail: tkading@kadingbriggs.com
THOREY M. BAUER (SB# 234813)
E-mail: tbauer@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 02 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Soleman, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| MICHAEL J. HOLMES,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAVIOR FRONTIERS, LLC and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. BC649094<br><br>Assigned for all Purposes to Hon. Gail Ruderman Feuer, Dept. 78<br><br>**DEFENDANT BEHAVIOR FRONTIERS LLC'S STATUS HEARING STATEMENT**<br><br>Date: May 8, 2017<br>Time: 8:30 a.m.<br>Dept.: 78<br><br>Complaint filed: February 2, 2017 |

376689

DEFENDANT BEHAVIOR FRONTIERS, LLC'S STATUS HEARING STATEMENT

## I.   INTRODUCTION

Defendant Behavior Frontiers, LLC ("Behavior Frontiers") submits this Status Hearing Statement in advance of the Status Hearing re: Review of Removal or Remand Order, set for May 8, 2017 at 8:30 a.m.  Plaintiff Michael J. Holmes ("Plaintiff") filed this action against Behavior Frontiers, his former employer, alleging that the termination of his employment was unlawful retaliation, discrimination, and harassment.  Behavior Frontiers denies any wrongdoing and denies that Plaintiff has been damaged in any way by any act or omission on the part of Behavior Frontiers.

## II.   CURRENT PROCEDURAL POSTURE

### A.   Plaintiff Filed this Action Alleging Four Causes of Action Relating to the Termination of His Employment and Behavior Frontiers Removed the Action to Federal Court.

On February 2, 2017, Plaintiff filed this action, alleging four causes of action:

(1) Whistleblower Retaliation under California Labor Code Section 1102.5,

(2) Discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, ("Title VII"),

(3) Harassment or retaliation (without reference to statutory basis), and

(4) Violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*

Because Plaintiff's Second and Fourth Causes of Action arose under Federal law, Behavior Frontiers removed this action to federal court on March 1, 2017.

### B.   The Honorable Percy Anderson, U.S. District Court Judge, Dismissed with Prejudice Plaintiff's Second and Fourth Causes of Action (His Federal Claims) Before Remanding this Action to the Superior Court.

Behavior Frontiers filed a Motion to Dismiss for Failure to State a Claim addressing Plaintiff's Second and Third Causes of Action.  The Honorable Percy Anderson, U.S. District Court judge, granted the Motion with the caveat that, if Plaintiff were to file a Notice of Intent to Litigate California Claims in Superior Court, Judge Anderson would dismiss Plaintiff's federal claims with prejudice, decline to exercise

376689

-1-

supplemental jurisdiction over Plaintiff's state-law claims, and remand the action to Superior Court. (*See* Ex. A, Minute Order dated April 18, 2017 at p. 1.)

On April 17, 2017, Plaintiff filed a Notice to Litigate California Claims in Superior Court. (*See id.*) As a result, on April 18, 2017, Judge Anderson dismissed Plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act (*i.e.*, Plaintiff's Second and Fourth Causes of Action) *with prejudice*, declined to exercise jurisdiction over Plaintiff's remaining state-law claims (*i.e.*, Plaintiff's First and Third Causes of Action), and remanded this action on April 19, 2017. (*Id.*; *see also* Ex. B, Transmittal of Action from District Court to Superior Court.)

As a result, the district court did not rule on Behavior Frontiers' challenge to Plaintiff's Third Cause of Action, and it remains in this Action along with Plaintiff's First Cause of Action.

**C.**    **Behavior Frontiers Has Not Yet Answered and Its Deadline to File a Responsive Pleading in this Action Is May 19, 2017.**

Behavior Frontiers has not yet answered and this action is not yet at issue. Because the district court transmitted its remand to the Superior Court on April 19, 2017, Behavior Frontiers has until **May 19, 2017** to file its responsive pleading. (Ex. B); *see* Cal. Civ. Proc. Code § 430.90.[1]

---

[1] In relevant part, Section 430.90 states:

(a) Where the defendant has removed a civil action to federal court without filing a response in the original court and the case is later remanded for improper removal, the time to respond shall be as follows:

. . .

(2) If the defendant has not filed an answer in the original court, then 30 days from the day the original court receives the case on remand to do any of the following:
(A) Answer the complaint.
(B) Demur or move to strike all or a portion of the complaint if: (i) an answer was not filed in the federal court, and (ii) a demurrer or motion to strike raising the same or similar issues was not filed and ruled upon by the original court prior to the removal of the action to federal court or was not filed and ruled upon in federal court prior to the remand. . . .
(b) For the purposes of this section, time shall be calculated from the date of the original court's receipt of the order of remand.

376689

-2-

III. **PLAINTIFF FILED ANOTHER ACTION THAT RELATES TO PLAINTIFF'S EMPLOYMENT, AND THEREFORE IT SHOULD BE RELATED WITH THIS ACTION.**

While this action was pending in federal court, Plaintiff filed a related action in Los Angeles Superior Court entitled *Holmes v. Behavior Frontiers, LLC*, Case No. BC657230 (the "Related Action"). Behavior Frontiers has filed a Notice of Related Case concurrently with this Status Conference Statement. Plaintiff's Related Action appears to challenge certain alleged acts that took place during Plaintiff's employment at Behavior Frontiers, and therefore should be litigated with Plaintiff's claims relating to his termination of employment in this Action. Behavior Frontiers has not yet appeared in the Related Action, and its responsive pleading is not due until May 15, 2017. Therefore, any steps this Court takes in transferring the Related Action and coordinating it with this Action will not be disruptive.

Behavior Frontiers requests that the Court transfer and coordinate Plaintiff's Related Action with this Action. In order to coordinate the calendars of Plaintiff's cases against Behavior Frontiers, Behavior Frontiers requests that a responsive pleading to both actions be filed in this Department on or before **May 19, 2017.**

IV. **CONCLUSION**

For the foregoing reasons, Behavior Frontiers respectfully requests that the Court transfer to its department Case No. BC657230 and coordinate its calendar with this Action, and require that Behavior Frontiers file responsive pleadings to both actions on or before May 19, 2017.

DATED: May 2, 2017

KADING BRIGGS LLP
THERESA A. KADING
THOREY M. BAUER

By: _____
THOREY M. BAUER

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

376689

-3-

DEFENDANT BEHAVIOR FRONTIERS LLC'S STATUS HEARING STATEMENT

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss:
COUNTY OF ORANGE               )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **May 2, 2017**, I served the foregoing document(s) described as: **DEFENDANT BEHAVIOR FRONTIERS LLC'S STATUS HEARING STATEMENT** on the interested parties by placing a true and correct copy thereof via electronic mail as follows:

| Michael J. Holmes | Email address: |
|---|---|
| 2961 E. Hillside Drive | mh070582@gmail.com |
| West Covina, CA 91791 | mh070582@yahoo.com |

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 2, 2017** at Irvine, California.

_____
Valerie Beechler

EXHIBIT "H"

# EXHIBIT "H"

THERESA A. KADING (SB# 211469)
E-mail: tkading@kadingbriggs.com
THOREY M. BAUER (SB# 234813)
E-mail: tbauer@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL J. HOLMES,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAVIOR FRONTIERS, LLC and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. BC649094<br><br>Assigned for all Purposes to Hon. Gail Ruderman Feuer, Dept. 78<br><br>**DEFENDANT BEHAVIOR FRONTIERS, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION; MEMORANDUM IN SUPPORT THEREOF**<br><br>**HEARING:**<br>Date:   August 22, 2017<br>Time:   8:30 a.m.<br>Dept.:   78<br><br>**[RESERVATION NO: 170518220007]**<br><br>Complaint filed:   February 2, 2017 |

377001

NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION

TO PLAINTIFF MICHAEL J. HOLMES:

PLEASE TAKE NOTICE that on August 22, 2017 at 8:30 a.m., or as soon thereafter as counsel may be heard in Department 78 of the above-captioned Court, located at 111 N. Hill Street, Los Angeles, California, defendant Behavior Frontiers, LLC ("Behavior Frontiers") will and hereby does demur to the third cause of action in plaintiff Michael J. Holmes's ("Plaintiff") Complaint pursuant to California Civil Procedure Section 430.10.

## DEMURRER

Pursuant to California Civil Procedure Code Section 430.10(e) & (f), Behavior Frontiers demurs to Plaintiff's third cause of action on the grounds that the allegations contained therein fail to state a cause of action. Furthermore, pursuant to Section 430.10(f), Behavior Frontiers demurs to Plaintiff's third cause of action on the grounds that the allegations contained therein are vague, ambiguous, and unintelligible and, therefore, are uncertain.

This Demurrer is based on this Notice of Demurrer and Demurrer, the attached Memorandum of Points and Authorities, the Court's complete files and records in this action, and any further oral and/or documentary evidence that may be presented at or before the hearing that the Court may consider.

This Demurrer is made following the conference pursuant to California Civil Procedure Section 430.41(a), which took place on May 15, 2017.

DATED: May 19, 2017      KADING BRIGGS LLP
THERESA A. KADING
THOREY M. BAUER

By: _____
THOREY M. BAUER

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

377001

-1-

# TABLE OF CONTENTS

**PAGE NO.**

I.    INTRODUCTION .................................................................................................. 1

II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS ........................................ 2

III.  PLAINTIFF ALLEGED NO FACTS THAT WOULD PERMIT A FINDER OF FACT TO INFER THAT UNLAWFUL "HARASSMENT" OCCURRED .................................................................................................... 2

    A.    Plaintiff's Third Cause of Action Does Not State a Claim for Unlawful Harassment because Plaintiff Alleges No Acts of Harassment or Any Protected Characteristics. ........................................ 2

    B.    Plaintiff's Third Cause of Action Is Uncertain Because It Is Impossibly Ambiguous and Unintelligible. ............................................. 3

IV.   CONCLUSION ..................................................................................................... 4

377001

NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION

## MEMORANDUM

### I.    INTRODUCTION

Plaintiff's third cause of action is indecipherable. Although Plaintiff's third cause of action uses the word "harassment," it fails to plead *any* facts resembling actionable harassment. Plaintiff alleges no protected characteristic nor that Behavior Frontiers engaged in any unwelcome or offensive acts because of that protected characteristic. The only facts that the third cause of action pleads is that Behavior Frontiers terminated Plaintiff's employment for a lawful reason -- because Plaintiff requested to record a telephone conversation with a co-worker. California law is clear that termination of employment is personnel-management activity and is not harassment as a matter of law. Moreover, California is an at-will State, meaning that an employer can terminate the employment of an employee for any lawful reason, and it is not unlawful to terminate an employee's employment for asking to record a telephone conversation. As a result, not only is Plaintiff's third cause of action insufficient to state a claim of harassment, it does not state a colorable claim for any other termination-based cause of action.

In addition, Plaintiff's third cause of action is ambiguous and unintelligible. It claims to be for "harassment," but then uses phrases that derive from California's whistleblower statute. It is impossible to decipher whether Plaintiff intends his third cause of action to be for harassment or whether it is a redundant cause of action for retaliation (Plaintiff has pled a claim for retaliation under his first cause of action). As a result, Plaintiff's third cause of action is uncertain.

Under even the most liberal of pleading standards, Plaintiff is required to state claims that would put Behavior Frontiers on notice of the claims Plaintiff is making and the basic factual allegations underlying those claims. As the Complaint stands, Plaintiff's third cause of action fails to provide even the most basic information to Behavior Frontiers. As a result, Behavior Frontiers' Demurrer should be sustained.

377001

-1-

MEMORANDUM IN SUPPORT OF DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

The only facts that Plaintiff alleges in his third cause of action are that:

> On January 30, 2017, I was terminated from Behavior Frontiers, LLC because I asked to record a phone call between Behavior Frontiers, LLC and myself. The conversation that I asked to record was on January 30, 2017 at 1:30 p.m. I was terminated on January 30, 2017 at approximatly [*sic*] 5:00 p.m.

(*See* Compl. at p. 7.)  All other allegations in Plaintiff's third causes of action are conclusory statements that he "suffers from harassment" (without any supporting facts), recitations of California law (without citations), or demands for damages. (*See id.*)

## III.   PLAINTIFF ALLEGED NO  FACTS THAT WOULD PERMIT A FINDER OF FACT TO INFER THAT UNLAWFUL "HARASSMENT" OCCURRED

### A.   Plaintiff's Third Cause of Action Does Not State a Claim for Unlawful Harassment because Plaintiff Alleges No Acts of Harassment or Any Protected Characteristics.

A plaintiff who claims harassment must, at a minimum, provide allegations regarding the harassing acts and allege the protected characteristic he claims was the reason for the harassment. *See* Cal. Gov. Code § 12940(j) (prohibiting harassment because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation).  There is no such thing as unlawful harassment for asking to record a telephone call. *See id.* Indeed, personnel-management activities—including termination of employment—are not "harassment," as a matter of law. *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998) ("[C]ommonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment"); *see also Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) ("harassment consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management").

Plaintiff's third cause of action fails because Plaintiff has not alleged that he belongs to any protected class nor has he alleged he was the recipient of *any* unwelcome or offensive verbal or nonverbal act based on a protected characteristic.  Rather, Plaintiff

377001

-2-

alleges only that Behavior Frontiers terminated his employment. Therefore, Plaintiff's third cause of action does not state a claim for unlawful harassment. *See Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 79 (1996) (upholding sustaining of demurrer on harassment cause of action where only allegation against defendant was that it terminated plaintiff's employment).

**B.** **Plaintiff's Third Cause of Action Is Uncertain Because It Is Impossibly Ambiguous and Unintelligible.**

California Civil Procedure Code Section 430.10(f) provides for demurrer for "uncertain" pleadings, and specifically states that "'uncertain' includes ambiguous and unintelligible."

Plaintiff's third cause of action is ambiguous and unintelligible because it sounds in both harassment and retaliation. Plaintiff alleges that he "suffer[ed] from harassment," but thereafter alleges that the purported "harassment" occurred because he "provide[d] reasonable cause to a goverment [*sic*] or law enforcement agency," which sounds more like a claim for whistleblower retaliation under California law. (Compl. at p. 7); Cal. Lab. Code § 1102.5 (unlawful to terminate an employee who complains to "a government or law enforcement agency . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute . . ."). To confuse matters even more, Plaintiff already has a retaliation claim (his first cause of action). Plaintiff goes on to allege that he "asked to record a phone call between Behavior Frontiers, LLC and myself" and that, as a result, Behavior Frontiers "harassed" him by terminating his employment but, in California, termination of employment is a personnel-management activity that cannot constitute harassment. *Reno, supra*, 18 Cal. 4th at 647.

As a result, Behavior Frontiers cannot determine whether Plaintiff's third cause of action is for harassment, retaliation, or something else, and therefore cannot reasonably prepare any meaningful response.

377001

MEMORANDUM IN SUPPORT OF DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION

## IV.    CONCLUSION

Plaintiff's third cause of action fails to set forth any allegation supporting an actionable claim for harassment and is uncertain. Accordingly, Behavior Frontiers respectfully requests that the Court dismiss Plaintiff's third cause of action for failure to state a claim under Section 430.10(e) and/or because it is uncertain under Section 430.10(f).

DATED: May 19, 2017                    KADING BRIGGS LLP
                                       THERESA A. KADING
                                       THOREY M. BAUER


                                       By: _____
                                              THOREY M. BAUER

                                       Attorneys for Defendant
                                       BEHAVIOR FRONTIERS, LLC

377001

-4-

MEMORANDUM IN SUPPORT OF DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **May 19, 2017,** I served the foregoing document(s) described as: **DEFENDANT BEHAVIOR FRONTIERS, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S THIRD CAUSE OF ACTION; MEMORANDUM OF IN SUPPORT THEREOF** on the interested parties by placing a true and correct copy thereof via electronic mail as follows:

Michael J. Holmes
2961 E. Hillside Drive
West Covina, CA 91791

Email address:
mh070582@gmail.com
mh070582@yahoo.com

☒  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 19, 2017,** at Irvine, California.

Valerie Beechler

**THIS IS YOUR CRS RECEIPT**

| INSTRUCTIONS |
|---|
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



**RESERVATION INFORMATION**

| | |
|---|---|
| **Reservation ID:** | **170518220007** |
| **Transaction Date:** | May 18, 2017 |
| **Case Number:** | BC649094 |
| **Case Title:** | MICHAEL J HOLMES VS BEHAVIOR FRONTIERS LLC |
| **Party:** | BEHAVIOR FRONTIERS LLC (Defendant/Respondent) |
| **Courthouse:** | Stanley Mosk Courthouse |
| **Department:** | 78 |
| **Reservation Type:** | **Demurrer - without Motion to Strike** |
| **Date:** | 8/22/2017 |
| **Time:** | 08:30 am |

**FEE INFORMATION (Fees are non-refundable)**

**First Paper Fee:**    Party asserts first paper was previously paid.

| Description | Fee |
|---|---|
| Demurrer - without Motion to Strike | $60.00 |

| **Total Fees:** | Receipt Number: 1170518K0408 | **$60.00** |
|---|---|---|

**PAYMENT INFORMATION**

| | |
|---|---|
| **Name on Credit Card:** | Glenn L Briggs |
| **Credit Card Number:** | XXXX-XXXX-XXXX-3540 |

## A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.

EXHIBIT "I

EXHIBIT "I"

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael J. Holmes<br>2961 E. Hillside Drive<br>West Covina, CA 91791<br>TELEPHONE NO.: (626) 373-4331    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: mh070582@yahoo.com<br>ATTORNEY FOR *(Name)*: In Pro-Per | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: Same as above | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk, Courthouse-Central District | |

| PLAINTIFF/PETITIONER: Michael J. Holmes | CASE NUMBER: |
|---|---|
| | BC632286 |
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | JUDICIAL OFFICER: |

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|
| | 16 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Wrongful Termination

    b.  Case number:

    c.  Court: ☐ same as above

    ☐ other state or federal court *(name and address)*:

    d.  Department:

    e.  Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f.  Filing date: February 2nd, 2017

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☑ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

    ☑ involves the same parties and is based on the same or similar claims.

    ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐ involves claims against, title to, possession of, or damages to the same property.

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐ Additional explanation is attached in attachment 1h

    i.  Status of case:

    ☑ pending

    ☐ dismissed ☐ with ☐ without prejudice

    ☐ disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

    ☐ other state or federal court *(name and address)*:

    d.  Department:

| | CM-015 |
|---|---|
| PLAINTIFF/PETITIONER:  Michael J. Holmes | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT:  Behavior Frontiers, LLC | BC632286 |

2. *(continued)*

  e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

  ☐ involves the same parties and is based on the same or similar claims.

  ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

  ☐ involves claims against, title to, possession of, or damages to the same property.

  ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

  ☐ Additional explanation is attached in attachment 2h

  i. Status of case:

  ☐ pending

  ☐ dismissed ☐ with ☐ without prejudice

  ☐ disposed of by judgment

3.  a. Title:

  b. Case number:

  c. Court: ☐ same as above

  ☐ other state or federal court *(name and address):*

  d. Department:

  e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

  f. Filing date:

  g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

  ☐ involves the same parties and is based on the same or similar claims.

  ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

  ☐ involves claims against, title to, possession of, or damages to the same property.

  ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

  ☐ Additional explanation is attached in attachment 3h

  i. Status of case:

  ☐ pending

  ☐ dismissed ☐ with ☐ without prejudice

  ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: February 2nd, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]                    **NOTICE OF RELATED CASE**                    Page 2 of 3

CM-015

| PLAINTIFF/PETITIONER: Michael J. Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC632286 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   2961 E. Hillside Drive, West Covina, CA 91791

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☑ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* February 2nd, 2017

   b. from *(city and state):* West Covina, CA 91791

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Theresa A. Kading
      Street address: 100 Spectrum Dr., Suite 800
      City: Irvine
      State and zip code: CA, 92618

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 2nd, 2017

Cynthia Marie
_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]         **NOTICE OF RELATED CASE**         Page 3 of 3

EXHIBIT "J

# EXHIBIT "J"

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Theresa A. Kading (SBN 211469); Thorey M. Bauer (SBN 234813)<br>KADING BRIGGS LLP<br>100 Spectrum Center Drive, Suite 800<br>Irvine, California 92618<br>TELEPHONE NO.: (949) 450-8040  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendant | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAY 02 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Charlie L. Coleman, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Michael J. Holmes | CASE NUMBER:<br>BC649094 |
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | JUDICIAL OFFICER:<br>Hon. Gail Ruderman Feuer |
| **NOTICE OF RELATED CASE** | DEPT.:<br>78 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Holmes v. Behavior Frontiers, LLC

   b. Case number: BC657230

   c. Court: [✓] same as above

   [ ] other state or federal court *(name and address):*

   d. Department:

   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

   f. Filing date: 04/11/2017

   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

   [✓] involves the same parties and is based on the same or similar claims.

   [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   [ ] involves claims against, title to, possession of, or damages to the same property.

   [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   [ ] Additional explanation is attached in attachment 1h

   i. Status of case:

   [✓] pending

   [ ] dismissed [ ] with [ ] without prejudice

   [ ] disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: [ ] same as above

   [ ] other state or federal court *(name and address):*

   d. Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]  **NOTICE OF RELATED CASE**  Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: Michael J. Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: May 2, 2017

Thorey M. Bauer
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]         **NOTICE OF RELATED CASE**         Page 2 of 3

CM-015

| PLAINTIFF/PETITIONER: Michael J. Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]          **NOTICE OF RELATED CASE**          Page 3 of 3

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss:
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **May 2, 2017**, I served the foregoing document(s) described as: **NOTICE OF RELATED CASE** on the interested parties by placing a true and correct copy thereof via electronic mail as follows:

Michael J. Holmes                    Email address:
2961 E. Hillside Drive               mh070582@gmail.com
West Covina, CA 91791                mh070582@yahoo.com

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 2, 2017**, at Irvine, California.

_____
Valerie Beechler

EXHIBIT "K

# EXHIBIT "K"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/09/17

HONORABLE GAIL RUDERMAN FEUER   JUDGE

HONORABLE

S. JUSI, CA   Deputy Sheriff

DEPT. 78

A. GARCIA   DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

JUDGE PRO TEM

NONE   Reporter

8:30 am   BC657230

MICHAEL J HOLMES
VS
BEHAVIOR FRONTIERS, LLC

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

RECEIVED
MAY 15 2017

KADING BRIGGS LLP

**NATURE OF PROCEEDINGS:**

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases
BC649094 AND BC657230 are related cases
within the meaning of Los Angeles Superior Court
Local Rule 3.3(f). For good cause shown, said cases
are assigned to Judge Gail Ruderman Feuer
for all purposes. All hearings in cases other than
the lead case are vacated. Any presently calendared
motions in cases other than the lead case shall be
continued to the newly assigned department and shall
be renoticed by the moving party. This order is made
without prejudice to the parties making a motion to
consolidate in the assigned department.

The Court sets a case management conference on July
06, 2017, at 8:30 a.m., in department 78.

The moving party is ordered to serve notice of this
order (including hearings vacated, if necessary) by
mail forthwith on all interested parties within ten
(10) days of the receipt of this minute order.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Court's Order re: Related Cases

Page   1 of   2   DEPT.   78

MINUTES ENTERED
05/09/17
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 05/09/17 | | DEPT. 78 |
|---|---|---|
| HONORABLE GAIL RUDERMAN FEUER | JUDGE A. GARCIA | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. JUSI, CA | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC657230 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MICHAEL J HOLMES VS BEHAVIOR FRONTIERS, LLC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: May 10, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
      Armando Garcia

Theresa A. Kading/Thorey M. Bauer
KADING BRIGGS, LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA  92618

Page  2 of  2    DEPT.  78

MINUTES ENTERED
05/09/17
COUNTY CLERK

EXHIBIT "L

# EXHIBIT "L"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael J. Holmes<br>2961 E. Hillside Dr<br>West Covina, CA 91791<br>TELEPHONE NO.: 626 373 4331    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): mh070582@yahoo.com<br>ATTORNEY FOR (Name): In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Michael J Holmes

DEFENDANT/RESPONDENT: Behavior Frontiers, LLC

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | BC649094 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 6th          Time: 8:30am          Dept.: 78          Div.:          Room:

Address of court (if different from the address above):

☑ **Notice of Intent to Appear by Telephone**, by (name): Michael J. Holmes

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Michael J. Holmes
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): February 2nd, 2017
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    (Describe, including causes of action):
      Wrongful Termination

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
On January 30th, 2017, the Plaintiff asked to record a phone conversation with the Defenadant, and the Defendant did not consent, so the conversation ended.  At approximatly 5:00pm on January 30th, 2017 the Defendant sent a email to the Plaintiff stating that the Pllaintiff was terminated becuase the plaintiff, asked to record the convesation.  That is a violation of the plaintiffs first amendment right.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☑ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
February 5th, 2018

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 3
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                                 g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☑ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 5

CM-110

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
| --- | --- | --- |
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]   **CASE MANAGEMENT STATEMENT**   Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☑ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other (specify):
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court: Stanley Mosk Courthouse
      (3) Case number: BC657230
      (4) Status: active
   ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Michael J. Holmes | production of documents and interrogatories | December, 2017 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Michael J Holmes | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Behavior Frontiers, LLC | BC649094 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
To have the case resolved a trial

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 25th, 2017

Michael J. Holmes
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

EXHIBIT "M

# EXHIBIT "M"

THERESA A. KADING (SB# 211469)
E-mail: tkading@kadingbriggs.com
THOREY M. BAUER (SB# 234813)
E-mail: tbauer@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| MICHAEL J. HOLMES,<br><br>           Plaintiff,<br><br>   vs.<br><br>BEHAVIOR FRONTIERS, LLC and<br>DOES 1 to 10, inclusive,<br><br>          Defendants. | Case No. BC649094<br><br>Assigned for all Purposes to Hon. Gail Ruderman Feuer, Dept. 78<br><br>**NOTICE TO STATE COURT OF SECOND REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL QUESTION), 1367(a), 1441(a)**<br><br>Complaint filed: February 2, 2017 |
|---|---|

371705

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Central District of California. The original Notice of Removal of Civil Action to the United States District Court was filed with the United States District Court for the Central District of California with the attached exhibits on June 22, 2017.

The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

DATED: June 22, 2017                      KADING BRIGGS LLP
                                          THERESA A. KADING
                                          THOREY M. BAUER


                                          By: _____
                                                 THOREY M. BAUER

                                          Attorneys for Defendant
                                          BEHAVIOR FRONTIERS, LLC

371705

-1-

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT "N"

# EXHIBIT "N"

THERESA A. KADING (SB# 211469)
E-mail: tkading@kadingbriggs.com
THOREY M. BAUER (SB# 234813)
E-mail: tbauer@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
BEHAVIOR FRONTIERS, LLC

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL J. HOLMES,<br><br>             Plaintiff,<br><br>vs.<br><br>BEHAVIOR FRONTIERS, LLC and DOES 1 to 10, inclusive,<br><br>             Defendants. | Case No. BC649094<br><br>Assigned for all Purposes to Hon. Gail Ruderman Feuer, Dept. 78<br><br>**NOTICE TO ADVERSE PARTY OF SECOND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL QUESTION), 1367(a), 1441(a)**<br><br>Complaint filed: February 2, 2017 |

371706

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO PLAINTIFF MICHAEL J. HOLMES:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on June 22, 2017. A copy of said Notice of Removal and supporting exhibits are attached to this Notice and are served and filed herewith.

DATED: June 22, 2017          KADING BRIGGS LLP
                              THERESA A. KADING
                              THOREY M. BAUER


                              By: _____
                                  THOREY M. BAUER

                              Attorneys for Defendant
                              BEHAVIOR FRONTIERS, LLC

371706

-1-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT